UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE E. KINCADE,

Plaintiff,

v. : CIVIL NO. 3:00CV1801(PCD)

JOHN W. SNOW[1],
SECRETARY OF THE TREASURY,

Defendant. : October 9, 2003

DEFENDANT'S CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

The Defendant, John W. Snow, Secretary of the Treasury, hereby respectfully submits this memorandum in support of its motion for reconsideration of this Court's Ruling on Defendant's Motion for Summary Judgment entered on September 29, 2003. In this ruling the Court granted the Defendant summary judgment as to all claims on which judgment was sought, but sustained one additional claim for trial. Defendant now asks the Court to reconsider its decision regarding this remaining claim.

NO ORAL ARGUMENT IS REQUESTED

[1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Defendant respectfully requests that this Court substitute Mr. Snow, the new Secretary of the Treasury and successor to Paul O'Neill, as the defendant in this litigation.

I.    Background

On September 29, 2003, this Court issued a Ruling on Defendant's Motion for Summary Judgment ("Ruling").   The Defendant had sought summary judgment as to all of the claims alleged in the Plaintiff's Amended Complaint.   The Court stated that "Defendant has met its burden to produce evidence of a legitimate nondiscriminatory/non-retaliatory reason for virtually all of Plaintiff's allegations," and that the Plaintiff failed to establish that those reasons were pretextual. See Ruling at 11-12.   Thereafter, however, the Court held that the Defendant failed to produce a reason for one alleged act, that "over the course of his employment he was given a heavier caseload than white employees and that he was required to drive more, despite having a documented back injury." Id. at 25.

With regard to this claim, the Court found that "[p]laintiff has, however, offered no evidentiary substantiation for his conclusion.  Defendant offers no nondiscriminatory / non-retaliatory reason for this treatment." Id. at 25-26.  The Court then sustained this claim on the apparent basis that the Defendant had failed to offer a legitimate explanation for the claim. Id. at 26.

Defendant now asks the Court to reconsider its decision to preserve this claim for trial.

II.    Defendant's Motion for Reconsideration Should Be Granted and the Surviving Claim Dismissed

Rule 7(c)(1) of the Local Rules of Civil Procedure for the District of Connecticut provides that motions for reconsideration shall be accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court

overlooked in the initial decision or order." For the reasons that follow, Defendant now asks this Court to reconsider its decision to sustain the remaining claim.

A. There Was No Notice Pleading Advising the Defendant That the Surviving Claim Had Been Alleged

In his motion for summary judgment, Defendant addressed each and every claim made by the Plaintiff in his Amended Complaint, offering legitimate nondiscriminatory reasons for each claim, which reasons this Court has accepted. However, Defendant did not address the Plaintiff's statement that he had a heavier case load than other employees and had to drive long distances with a back injury ("Surviving Claim"). This is so because Defendant had no notice pleading which advised it that the claim had been alleged.

There can be no dispute that the Surviving Claim was not contained in any EEO complaint filed by Plaintiff. It must also be undisputed that the Plaintiff did not allege the claim in his Amended Complaint. Plaintiff specifically alleged that certain additional acts occurred in retaliation for the filing of his last EEO Complaint in October of 1998. In Paragraph 26 of the Amended Complaint, Plaintiff alleges that that retaliation took the form of particular reprimands and discipline occurring in May and December of 1998 and again in July and September of 1999. See Amended Complaint, ¶ 26. The Surviving Claim is not contained in that paragraph, nor is it described anywhere else in the Amended Complaint.

Rather, the Surviving Claim was only briefly mentioned in the Plaintiff's March 28, 2003 Memorandum in Opposition to the Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum"). In this memorandum Plaintiff's counsel sets forth in bulleted

form fifty (50) statements from the Plaintiff's deposition. See Plaintiff's Memorandum at 4-10. Included among these fifty statements are the following:

- The plaintiff and the only other black employee were required to do substantially more driving than the white employees. [Depo.] pp.102-04.
- The plaintiff was required to carry between 100 and 110 cases, whereas the white workers were required to carry between 54 and 74 cases. [Depo.] p.131.

See Plaintiff's Memorandum at 8-9. Plaintiff's counsel does not go on to discuss or even mention these statements, or any statements, in his memorandum. He did not indicate that he is now raising all of these statements as individual acts of discrimination or retaliation. He simply outlined the plaintiff's deposition and included several assertions made by the Plaintiff on that day.

In sum, the Surviving Claim was not pleaded in the complaint or even raised in any substantive way in Plaintiff's Memorandum. Given that the Surviving Claim was not pleaded, it should not have been considered by the Court. The Court should not review claims raised by the Plaintiff in his deposition which could have been made in his EEO complaints or his amended complaint, but were not. Wright v. Milton Paper Company, No. 99CV5724 (SJ), 2002 WL 482536, at * 13 (E.D.N.Y. March 26, 2002). In addition, failure to allege in the complaint the prima facie elements of a claim warrants the dismissal of that claim. Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) (dismissing Title VII claim of failure to promote where the complaint contained no information supporting prima facie case; "[w]ithout such information, the complaint cannot be understood to allege, either directly or indirectly, that Cruz was qualified for the job. Absent this allegation, and absent any claim that she applied for the financial analyst position, Cruz's complaint fails to state

a prima facie case for failure to promote.") See also Khan v. Abercrombie & Fitch, Inc., No. 01 Civ. 6163 (WHP), 2003 WL 22149527, at *10 (S.D.N.Y. Sep 17, 2003)(claim dismissed where complaint "contains no allegations that could fairly be presumed to put [defendant] on notice" of the claim).

Further, Plaintiff made no attempt to amend his complaint to add a claim that the Defendant discriminated or retaliated against him when it allegedly assigned him a higher case load and allegedly made him drive long distances. While this issue was mentioned by the Plaintiff in his memorandum in opposition to the Defendant's substantive motion, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Crowley ex rel. Corning, Inc. Inv. Plan v. Corning, Inc., 234 F.Supp.2d 222, 224 (W.D.N.Y. 2002) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F.Supp. 518, 526 (S.D.N.Y.1977); Sansom Comm. v. Lynn, 366 F.Supp. 1271, 1278 (E.D.Pa.1973); Chambliss v. Coca-Cola Bottling Corp., 274 F.Supp. 401, 409 (E.D.Tenn.1967)).

The Federal Rules of Civil Procedure do permit the Court to consider issues not raised in the pleadings. Pursuant to Rule 15(b), Fed.R.Civ.P.:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

However, Rule 15(b) does not permit amendment so that the party can add new claims. As this Court has stated,

> . . . Rule 15(b) motions, which are usually made at the conclusion of the plaintiff's case, are intended to correct the theory of an existing claim and not to assert new and different claims. As the Second Circuit stated in Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1086 (1977), [t]he purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record. Cole v. Layrite Products Co., 439 F.2d 958, 961 (9th Cir.1971); Monod v. Futura, Inc., 415 F.2d 1170, 1174 (10th Cir.1969).

Pickwick Entertainment, Inc. v. Theiringer, 898 F.Supp. 75, 77 (D. Conn. 1995).

Further, "a district court may consider claims outside those raised in the pleadings *so long as doing so does not cause prejudice."* Cruz, 202 F.3d at 569. In order to show prejudice, "a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case." Cruz, 202 F.3d at 569 (quoting New York State Elec. & Gas Corp. v. Secretary of Labor, 88 F.3d 98, 104 (2d Cir. 1996)). Defendant has most certainly been prejudiced by the inclusion of the Surviving Claim in this case. Having no notice that the claim was being presented, Defendant did not present any evidence explaining the claim, and was denied the opportunity to obtain summary judgment on the claim. In fact, Defendant could not reasonably be expected to challenge a claim where the nature of the claim is so unclear.[2] In the face of such prejudice, this Court should not consider the Surviving Claim.

---

[2]For example, if the Surviving Claim is a claim of discrimination, wherein Plaintiff believes that he was treated differently than others who were similarly situated, his prima facie burden is different that if it is a claim of retaliation, where he must show a causal connection between protected activity and the alleged retaliatory act.

B. The Court is Without Subject Matter Jurisdiction to Hear the Surviving Claim

Even if this Court were to determine that the Defendant had notice of the Surviving Claim, this Court lacks jurisdiction to hear the claim. As Defendant argued in his Motion for Summary Judgment, "[p]rior to bringing suit under ... Title VII ... a federal government employee must timely 'exhaust the administrative remedies at his disposal.'" Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001) (*per curiam*) (quoting Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998)); see also Pauling v. Secretary of the Interior, 160 F.3d 133, 133-34 (2d Cir. 1998) (same). A district court only has jurisdiction to consider Title VII claims that are "either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge, and therefore reviewable by a federal court." Wright, 2002 WL 482536, at * 13 (citing Butts v. The City of New York Dept. of Housing Preservation & Development, 990 F.2d 1397, 1401 (2d Cir. 1993)). Under this applicable law, the Surviving Claim was clearly not exhausted.

First, the Surviving Claim was not raised in any of the Plaintiff's three EEO complaints. Although the Surviving Claim is vague and not defined in terms of date, there can be no dispute that the Surviving Claim concerns alleged incidents which occurred during the course of the Plaintiff's employment with the IRS. Plaintiff filed three EEO complaints during his employment, May 21, 1997 and May 29, 1998, and October 10, 1998. Plaintiff cannot explain why the claim was not included in any of those complaints.[3]

[3]Upon reviewing the Ruling, undersigned counsel became aware that there is a factual error in the record on which the Court relied. In its Ruling the Court made a finding that "Plaintiff was terminated in March, 2001, but effectively stopped working on May 27, 1998." See Ruling at 4. The date "May 27, 1998" came from the Plaintiff's counsel in his Memorandum at p. 10, who in turn drew the date from the Plaintiff's deposition at p.15. However, Plaintiff was mistaken in recalling this date. In fact, the Plaintiff stopped working

Second, the Surviving Claim is not based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the plaintiff's EEO complaints. "A claim is considered reasonably related if the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge' that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (quoting Butts, 990 F.2d at 1402). Given that the Surviving Claim was only mentioned in the Plaintiff's deposition, the claim is completely lacking in detail. There is no information about the particular nature of the claim, the dates of occurrence, or those who were allegedly treated differently. Accordingly, the Plaintiff has failed to provide the Court with sufficient information to determine  whether the claim is reasonably related to Plaintiff's prior EEO charges. And because the Surviving Claim was never alleged in the Amended Complaint, the complaint cannot be construed as sufficiently alleging that excessive driving and a heavy caseload were discrimination or were retaliation for any particular protected activity. Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 685 (2d Cir. 2001).

In short, there is no construction of the record that can make the Surviving Claim timely and therefore properly before the Court. If the claims are construed as part of a continuing violation, the claims must be analyzed under the reasoning of National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Morgan holds that "discrete

---

on May 27, 1999. See Exhibit A, attached hereto. Defendant brings this to the Court's attention in the interest of candor to the tribunal, and because the Court relies upon the May 27, 1998 date in foregoing consideration of a claim in March of 1999. See Ruling at 5, n.2. However, this claim, like the Surviving Claim, was not raised in any EEO complaint or alleged in the Amended Complaint; in fact, it was only mentioned in the Plaintiff's diary. See Plaintiff's Statement of Facts, Fact Number 1, and Exhibit 1 thereto. Therefore, the claim is not properly before the Court, and the Court's decision as to this claim should not be affected by this correction.

discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113. Therefore, if the Surviving Claim is a discrete act, it is time-barred. Morgan would not bar the Surviving Claims if it alleged a hostile work environment, for "a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." Morgan, 536 U.S. at 122. However, this Court has found that Plaintiff has failed to establish any hostile work environment claim. See Ruling at 6-9.

In short, the Surviving Claim was never exhausted. This failure deprives the Court of subject matter jurisdiction to hear the claim.[4] Therefore, the Court should reconsider its decision to preserve this claim for trial.

C. Plaintiff Did Not Established a Prima Facie Case of Discrimination in Connection with the Surviving Claim

In its ruling, the Court characterizes the Surviving Claim as an allegation that Plaintiff was given a heavier case load than white employees and had to drive long distances with a back injury. See Ruling at 3, 25-26. The Court found that, with regard to the claim, "[p]laintiff has, however, offered no evidentiary substantiation for his conclusion." See Ruling at 25-26. While the nature of this claim is utterly unclear, it is undisputed that whether the Surviving Claim is a claim of discrimination or retaliation, Plaintiff's prima facie burden includes showing that he suffered an adverse employment action. See Ruling at

[4]It also makes futile any amendment to add the claim to the complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962).

13-14. The Surviving Claim does not satisfy this prong of the prima facie test. Plaintiff may state that he had a heavier case load and had to drive more than others, but "no formal disciplinary action was taken against Plaintiff. He was not issued any reprimand and did not lose any privilege or benefit, even temporarily, as a result." See Ruling at 14. Accordingly, "no reasonable fact finder could find an adverse action." Id.

Given the foregoing and the fact that these claims were never pleaded or explained, Plaintiff cannot have met his prima facie burden. Therefore, the evidentiary burden should never have shifted to Defendant in light of the Plaintiff's complete failure. See Ruling at 14 (burden shifts to employer only if plaintiff meets the standard for a prima facie case.) And the failure of the Defendant to rebut a claim that was never pleaded should not be the sole reason for the preservation of that untimely claim.

III. Conclusion

For the foregoing reasons, the Defendant, John W. Snow, Secretary of the Treasury, respectfully requests that this Court grant Defendant's Motion for Reconsideration and dismiss the surviving claim.[5]

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY
Lauren M. Nash
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
FED. BAR # ct01705
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700

[5] Should the Court deny the Defendant's motion and the relief sought, Defendant requests a brief opportunity to provide evidence explaining the remaining claim.

**Internal Revenue Service**

SmallBusiness/Self-Employed
Compliance
Area 1,Territory 2

Department of the Treasury

24 Belden Avenue
Norwalk, Ct.

Date: NOV 29 2000

George Edward Kincade
17 Greenhouse Road
Apt 17-A
Bridgeport,CT 06606

oor

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
part three of appealed action
part VIII question 44-a,b

Dear Mr. Kincade

This is a notice of proposed adverse action issued in accordance with Part 752 of the Office of Personnel Management regulations. In order to promote the efficiency of the Service, it is proposed to remove you from the Service at any time after thirty (30) full calendar days from the date you receive this notice.

This proposed adverse action is based on the following reason:

Reason 1: You are unavailable for work.

Specification 1: You have been unable to work since May 27, 1999, due to medical reasons. Your incapacity to work has been documented in medical reports dated May 27, 1999. September 22, 1999, and October 7,1999, from Pasquale Masone, M.D., and June 29, 2000, and October 10, 2000, from Ciro Veneruso, M.D.

Specification 2: From May 28, 1999, through the date of this letter you have been absent from your position as Revenue Officer, GS-1169-09. You have been carried in a leave without pay status (LWOP) since August 27, 1999, except for eight (8) hours when you were attending meetings and performing administrative duties.

---

Your continued unavailability for work due to your medical condition has resulted in an adverse impact on the efficiency of our operation. Due to the extended impact on our operation, the Small Business/Self-Employed Area 1, Territory 2 cannot continue to keep employees on our rolls who are unavailable for work.

You have a right to the material relied on to support the reason in this notice and may request it from Jane LaFave, Labor Relations Specialist, at (716) 961-5569 or FAX (716) 961-5157.

**EXHIBIT A**

You have the right to answer both personally and in writing and to furnish affidavits an evidence in support of your answer. Your written and/or oral reply must be received by within fifteen (15) calendar days from your receipt of this letter. You also have the righ be represented by an attorney or other representative. Any written reply or request for a oral reply should be addressed to me at 24 Belden Avenue, Norwalk, CT 06850-3396. Should you desire an oral reply, you must request it within seven (7) calendar days fron your receipt of this letter. If otherwise in an active duty status, you have a right to a reasonable amount of official time to review the material relied on in this matter, to sec affidavits, and to prepare an answer. For these purposes, you will be allowed two (2) h of official time. In addition, you will be allowed official time to make an oral reply if y choose to do so. You should arrange with your supervisor for any use of official time.

If you believe that a medical condition is the cause of the reason for this action, you ma file an application for disability retirement. Please contact Employee Connection at 1-800-829-6007 for additional information. Follow the instructions by entering your Sc Security Number, press 1 to connect to the Service Representative call transfer mode, a then press 2 to be transferred to a Retirement Specialist, and hold for the next available Specialist.

A final decision will not be made in this matter until your reply or replies have been received and considered, or, if no reply is received, until after the time specified for the replies has passed. Any replies submitted by you will be given full consideration. You be notified in writing of the final decision.

Sincerely,

P. J. Spinola
Territory Manager

A copy of this notice (ALERTS Case #2001-1928) will be provided simultaneously to NTEU Chapter 124 in accordance with Article 39, Section 7 of the National Agreement between IRS and NTEU.

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the within and foregoing Defendant's Corrected Memorandum in Support of Motion for Reconsideration has been served via facsimile machine and simultaneously mailed, by first-class mail, postage prepaid, on this 9th day of October, 2003, to:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510
FAX (203) 776-9494

Lauren M. Nash

LAUREN M. NASH
ASSISTANT UNITED STATES ATTORNEY