UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
Nov 10  11 02 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

George E. KINCADE,
    Plaintiff,

v.                     : Civ. No. 3:00cv1801(PCD)

John W. SNOW,[1]
SECRETARY OF THE TREASURY
    Defendant.

## RULING ON CROSS-MOTIONS TO RECONSIDER

Both Plaintiff and Defendant move for reconsideration of the Ruling on Motion for Summary Judgment [Doc. No. 47] filed September 29, 2003. For the reasons stated herein, Defendant's Motion for Reconsideration [Doc. No. 53] and Plaintiff's Motion [Doc. No. 62] are **granted**. The portion of the prior Ruling denying Defendant's Motion for Summary Judgment in part, is hereby **vacated** and summary judgment is **granted** on all remaining claims. The prior grant of summary judgment will stand.

## I. STANDARD OF REVIEW:

The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (Granting reconsideration appropriate when a "need is shown to correct a clear error of law or to prevent manifest

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), John Snow is substituted as party to this litigation.

1

injustice."). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

## II. BACKGROUND:

In September 2000, George E. Kincade filed the present action alleging violations of Title VII. 42 U.S.C. § 2000e et seq. (LEXIS 2003). Defendant moved for summary judgment. On September 29, 2003 this Court granted Defendant's Motion for Summary Judgment in large part. Plaintiff's Title VII claims of discrimination and retaliation survived, but the possibility of recovery was limited to his claim of being discriminated and/or retaliated against on the basis of heavier caseload and driving requirements. Defendant now seeks reconsideration of the Court's Ruling with respect to the surviving claim. Plaintiff also seeks reconsideration with respect to at purported ruling as to the statute of limitations.

## III. ANALYSIS:

### A. Plaintiff's Motion for Reconsideration:

Plaintiff claims error in the holding "that [Plaintiff's] claim of discriminatory actions in March of 1999 was barred by the statute of limitations." Pl. Br. Supp. Reconsideration. at 1, citing Ruling on Summ. J. at n. 2. Plaintiff apparently refers to the ruling that his claims about being barred from the field in March of 1999 were too vague to warrant consideration. The Ruling makes no mention of any statute of limitations. Rather, the Ruling refers to contradictions in Plaintiff's allegations, namely, that he stopped working for the IRS on May 17, 1998 and that he was barred from the field in May of 1999. See e.g. Pl. Local R. 56(a)2 Statement, Pt. II ¶10 (stating that he stopped working in 1998) and ¶ 1 (stating that he was barred from the field in 1999). Based on these contradictions, the allegations were found to be so

2

unclear as to preclude discussion on the merits. Ruling on Summ. J. at n.2. However in its Motion to Reconsider, Defendant, in the interest of candor, points out that Plaintiff stopped working in 1999, not 1998. Def. Mem. Supp. Reconsideration at n. 3. Plaintiff accordingly argues that because "the [C]ourt's [R]uling was based on a mistake of fact, the [C]ourt's [R]uling should be reconsidered." Pl. Br. Supp. Reconsideration at 1.

Initially, it should be noted that the Court relied on Plaintiff's statement of the facts, so the error was Plaintiff's. See Pl. Br. Opp. Summ. J. at 10 (using the May 1998 date) and Pl. Local R. 56(a)2 Statement, Pt. II ¶10 (same). Plaintiff cites no authority that would allow him to come back and correct his own error, an error that there is no reason Plaintiff could not have discovered earlier, let alone authority that would require a court to grant reconsideration on the basis of that argument. Plaintiff's argument cites no authority at all, for either proposition. Plaintiff does not even cite the standard for granting a motion to reconsider. Plaintiff fails to show how, if this Court did grant reconsideration, the mistake of fact would change the basis for the prior Ruling. It Plaintiff's duty to appropriately argue in support of his position. See Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995) ("[J]ust as a district court is not required to 'scour the record looking for factual disputes,' it is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case.") (internal citation omitted). On the basis of these omissions, Plaintiff's Motion for Reconsideration is **granted**, but the prior Ruling **stands**.[2]

---

[2] It is not apparent that the prior Ruling should be changed as a result. Plaintiff did not plead facts that would create a sufficient question as to whether Defendant's refusal to let Plaintiff go into the field would meet the prima facie case for discrimination or retaliation. The prima facie case for discrimination requires showing "membership in a protected class, qualification for the position, an adverse employment action, and preference for a person not of the protected class." James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000) (internal citations omitted). There is no

3

B. Defendant's Motion for Reconsideration:

As an initial matter, Defendant argues that its did not have notice as to Plaintiff's claim concerning driving responsibilities and caseloads as the allegations were not contained in the Amended Complaint. Def. Mem. Supp. Reconsideration at 3-6. Plaintiff's allegation that he was improperly assigned a heavier caseload and driving responsibilities is not a new cause of action, simply a new factual basis for supporting his Title VII cause of action. As such, it is not required to be in the Complaint.

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The courts rely "on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Consistent with notice pleading "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Accordingly, there is no reason to assume that Plaintiff would include every factual basis in his

---

position or promotion at issue here that Plaintiff was otherwise qualified for, Plaintiff does not make it clear how this bar was adverse, and Plaintiff does not plead that someone else, a white employee for example, was allowed to go into the field in lieu of him. The prima facie case for retaliation requires showing "[1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) (internal citations omitted). Again, Plaintiff does not make it clear how this action was adverse. Plaintiff must demonstrate that he was unable to otherwise perform his duties without going into the field and that he was substantively disadvantaged by the decision.

4

Complaint. Indeed, the whole purpose of discovery is to uncover facts. As to whether there was notice outside of the Complaint, Plaintiff referenced his caseload and driving responsibilities at least four times in his deposition. Pl. Local R. 56(a)(2) Statement, Ex. 9 at 61, 102, 131, and 135. The allegations clearly arose during discovery. Furthermore, Plaintiff mentioned it in his opposition to summary judgment. Pl. Br. Opp. Summ. J. at 8-9. Defendant cannot now claim that it was not on notice as to the allegations or that the Court improperly considered them.

Defendant also argues that the Court should not have considered the factual allegation as it was not asserted in any of Plaintiff's EEOC complaints and the Court is therefore without jurisdiction. Def. Mem. Supp. Reconsideration at 7-9. This is not a new argument and the Ruling here at issue adequately addressed these arguments. However, it is worth reiterating that the prior Ruling held that Plaintiff created a sufficient question as to a continuing violation theory as to warrant consideration of factual assertions outside of Plaintiff's EEOC complaints. Ruling on Summ. J. at 11. While it is true that discrete discriminatory acts can no longer be considered as part of a continuing violation theory, National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 115, 122 S. Ct. 2061; 153 L. Ed. 2d 106 (2002), this has no bearing on the caseload allegations which were not found to be discrete acts.[3]

Finally Defendant argues that Plaintiff fails to establish a prima facie case with respect to the caseload and driving allegations. Pl. Mem. Supp. Reconsideration at 9-10. While Plaintiff

---

[3] Morgan contrasted discrete acts with the sorts of facts typically involved in a hostile work environment claim, but did not find that a hostile work environment claim was the only way to consider non-discrete acts. Morgan only explicitly reversed the Ninth Circuit as to discrete acts and specifically declined to rule on "pattern or practice claims." 536 U.S. at n. 9. The continuing violation theory reaches conduct "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001). Thus, although stripped of discrete acts, the continuing violations doctrine nonetheless survives Morgan.

5

certainly alleged facts sufficient to meet the minimal burdens of establishing a prima facie case of discrimination and retaliation with respect to many of his claims, the caseload and driving requirements should not have been considered as part of that prima facie case.

Because Plaintiff never made it clear whether the driving and caseload requirements are an instance of discrimination or retaliation,[4] both possibilities need to be considered. With respect to retaliation, Plaintiff must show participation in a protected activity known to the defendant; an employment action disadvantaging the plaintiff; and a causal connection between the protected activity and the adverse employment action." Quinn, 159 F.3d at 769. Causation can be demonstrated "indirectly by showing that the protected activity was followed closely by discriminatory treatment," "through other evidence such as disparate treatment of fellow employees who engaged in similar conduct," or "directly through evidence of retaliatory animus directed against a plaintiff by the defendant." De Cintio v. Westchester County Medical Center, 821 F.2d 111, 115 (2d Cir. 1987) (internal citations omitted). Plaintiff failed to provide any dates for when the allegedly retaliatory conduct occurred, thus it is impossible to infer causation based on temporal proximity. Plaintiff offered no direct evidence of animus based on his EEOC activities and failed to present any evidence of disparate treatment.[5] Plaintiff therefore cannot demonstrate causation. Furthermore, it is unclear exactly how the assignment of cases and driving responsibilities is adverse. Plaintiff made no argument in his brief that he suffered

---

[4] Indeed, Plaintiff failed to make this distinction on many of his claims. See Pl. Br. Opp. Summ. J. at 14-19 (Six pages of citations to various legal standards concerning making out a prima facie case for discrimination and retaliation with no application of the facts).

[5] Plaintiff's claims of disparate treatment were exclusive to his claims of racial discrimination.

6

consequences in his employment as result of these assignments.[6] Plaintiff did not, therefore, meet the prima facie case requirements for retaliation.

In order to make out a prima facie case of discrimination, Plaintiff must show "membership in a protected class, qualification for the position, an adverse employment action, and preference for a person not of the protected class." New York Racing Ass'n, 233 F.3d at 154. It is unclear how this standard even applies to Plaintiff's claims about his caseload and driving responsibilities. There is no qualification at issue here. Regardless, as with retaliation, Plaintiff made no argument as to how these assignments were adverse to him, nor is it immediately obvious. Finally, the record makes it clear that Plaintiff was one of two GS-9 Revenue Officers, both of whom were black, thus presumably their caseload and driving responsibilities would have no relation to the other white GS-11 Revenue Officers. Accordingly, Plaintiff did not make out a prima facie case for discrimination on these grounds.

As Plaintiff did not make out a prima facie case for either discrimination or retaliation on the basis of his caseload and driving responsibilities, the Court should not have reached the burden shifting analysis on this point. See Ruling on Summary Judgment at 25-26. Summary judgment is therefore appropriate on this as on all other counts.

## IV. CONCLUSION:

For the reasons stated herein, Defendant's Motion to Reconsider [Doc. No. 53] and Plaintiff's Motion to Reconsider [Doc. No. 62] are **granted**. The portion of the prior Ruling

---

[6] The only thing approaching an argument is his mentioning that he has a back condition, which would affect his ability to drive. But, as is not clear when he was diagnosed with this condition, there is no basis to conclude that Defendant, knowing of this condition, assigned Plaintiff greater driving responsibilities to get back at him for his EEOC activity. His back condition has no relevance to any alleged racial discrimination.

denying summary judgment in part, is hereby **vacated** and summary judgment is **granted** on all remaining claims. The prior grant of summary judgment will stand. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, November 7, 2003.

```
                                          _____
                                          Peter C. Dorsey, U.S. District Judge
                                          United States District Court
```