# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 17 day of Dec, two thousand four.

PRESENT: HON. RICHARD J. CARDAMONE,
         HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES,
                     Circuit Judges.

------------------X

George E. Kincade,

    Plaintiff-Appellant,

    -v.-                                            04-0090

John W. Snow, Secretary of the
Treasury of the United States,

    Defendant-Appellee.
------------------X

APPEARING FOR APPELLANT:    Norman A. Pattis, New Haven, CT

APPEARING FOR APPELLEE:     Lauren M. Nash, Assistant
                            United States Attorney,
                            District of Connecticut (Kevin

ISSUED AS MANDATE: 3-21-05

J. O'Connor, United States Attorney for the District of Connecticut, **Jeffrey A. Meyer**, Assistant United States Attorney, District of Connecticut, of Counsel)

Appeal from the United States District Court for the District of Connecticut (Dorsey, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

George E. Kincade appeals from a November 19, 2003 order of the United States District Court for the District of Connecticut (Dorsey, J.), dismissing Kincade's racial discrimination, retaliation, and hostile work environment claims on summary judgment. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

On this appeal, Kincade argues that the district court erred in dismissing his discrimination, retaliation, and hostile work environment claims, and in ruling that the "continuing violation" doctrine did not preserve Kincade's related, but time-barred claims. We affirm for substantially the same reasons stated by the district court.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by_____
DEPUTY CLERK